**UNITED STATES of America**

v.

**David J. OAKES, Defendant**

**No. CR. 00–76–P–C.**

United States District Court,
D. Maine.

Oct. 21, 2002.

Peter E. Rodway, Esq., Rodway & Horodyski, Portland, ME, for David J. Oakes.

David J. Oakes, Butner, NC, Pro se.

F. Mark Terison, George T. Dilworth, Asst U.S. Atty., Office of the U.S. Attorney, Portland, ME, for U.S.

## MEMORANDUM OF DECISION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

GENE CARTER, District Judge.

Before the Court is Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Pleading No. 33). Defendant entered a plea of guilty to knowingly receiving child pornography over the internet in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(2) (Pleading No. 29). Since his conviction, the Supreme Court has invalidated certain portions of the definition of child pornography set forth in 18 U.S.C. § 2256(8), referenced in section 2252A.[1] *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002). Defendant argues that his conviction should be vacated because the statute under which he was

---

1. At the time of Defendant's plea, 18 U.S.C. 2256(8) defined "child pornography" as:

    any visual depiction, including any ... computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—

    (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

    (B) such visual depiction is, or appears to be, of a minor engaging in sexually explicit conduct;

    (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct; or

    (D) such visual depiction is advertised, promoted, presented, described, or distributed in such a manner that conveys the impression that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct ....

    In its ruling, the Court in *Ashcroft* found provisions (B) and (D) to be unconstitutionally overbroad in violation of the First Amendment to the Constitution, and struck them down. *Ashcroft*, 535 U.S. at ——, 122 S.Ct. at 1406.

charged and convicted is unconstitutional per the Supreme Court in its *Ashcroft* decision. Memorandum in Support of Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Pleading No. 34) at 2 [hereinafter Defendant's *Habeas* Memorandum]. However, because the Court finds that Defendant is procedurally barred from bringing this claim on a section 2255 motion, Defendant's motion will be denied.[2]

## DISCUSSION

To be constitutionally valid, a plea of guilty must be "voluntary" and "intelligent." *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). In his *pro se* motion for *habeas* relief, Defendant argues that because the definition of child pornography as it stood at the time of his guilty plea was later found to be overbroad and unconstitutional, his understanding of the elements of the charges against him when he entered this plea was incorrect. Defendant's Reply to Government's Response to the Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Pleading No. 47) at 2 [hereinafter Defendant's *Habeas* Reply]. As such, Defendant argues that his plea of guilty was not voluntary and intelligent, and he should, therefore, be granted a writ of *habeas corpus.* Defendant's *Habeas* Memorandum at 7.

■ As a threshold matter, the Court must first determine whether the ruling in *Ashcroft* can be retroactively applied to Defendant under the doctrine established by the Supreme Court in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). *See, e.g., Penry v. Lynaugh,* 492 U.S. 302, 329, 109 S.Ct. 2934, 2952, 106 L.Ed.2d 256 (1989) (abrogated on other grounds) (under *Teague,* retroactivity issue is a threshold matter on collateral review); *Caspari v. Bohlen,* 510 U.S. 383, 389, 114 S.Ct. 948, 953, 127 L.Ed.2d 236 (1994) (a threshold question in every *habeas* case is whether the court is obligated to apply the *Teague* rule to the defendant's claim). Under *Teague,* a new constitutional rule of criminal procedure may not be applied retroactively unless it falls within two narrow exceptions. *Teague,* 489 U.S. at 310, 109 S.Ct. at 1075. These two exceptions include a rule that (1) "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," or (2) could be considered a "watershed rul[e] of criminal procedure." *Id.* at 311, 109 S.Ct. at 1075–76. However, as the Supreme Court found in *Bousley v. United States,* 523 U.S. 614, 620, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998), a decision discussed at length *infra,* the *Teague* doctrine "by its terms applies only to procedural rules," and is, therefore, "inapplicable to the situation in which [the] Court decides the meaning of a criminal statute enacted by Congress." The Supreme Court in *Ashcroft* did not create a new constitutional rule of criminal procedure; instead, the Court decided that the meaning of the criminal statute enacted by Congress was unconstitutionally broad, and it struck down a portion of that statute. As such, the Court finds that, as in *Bousley,* the *Teague* doctrine does not apply in this instance and, therefore, Defendant's claim is not *Teague*-barred.[3]

2. The Court notes as well that Defendant's assertion that the entire statute under which he was charged and convicted is unconstitutional is incorrect; the statute still stands, albeit with a new, narrower definition of child pornography.

3. The Court notes that even if the *Teague* doctrine did apply, the *Ashcroft* ruling would

■ Although Defendant is not precluded from raising his claim by the *Teague* bar, there are still significant procedural hurdles that he must overcome. The Supreme Court has strictly limited the circumstances under which an individual can attack a guilty plea on collateral review. *See Bousley*, 523 U.S. at 621, 118 S.Ct. at 1610. ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked") (*quoting Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546–47, 81 L.Ed.2d 437 (1984)). Furthermore, "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Id.* (*quoting Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct. 2291, 2300, 129 L.Ed.2d 277 (1994) (citations omitted)). Although Defendant appealed his sentence, he did not also contest the validity of his plea on appeal. Notice of Appeal (Pleading No. 30). Defendant raises this claim for the first time by the present section 2255 motion and, therefore, has procedurally defaulted this claim.

The Supreme Court's decision in *Bousley* dealt with this very issue. *Bousley* addressed the circumstances under which an individual can collaterally attack his guilty plea when, subsequent to the entry of the plea, a change in the law occurs that, if applied to his case, could possibly have altered the outcome. In *Bousley*, the defendant had pled guilty to "use" of a firearm under 18 U.S.C. § 924(c)(1). At the time of his guilty plea, the definition of the word "use" included the mere possession of a firearm. Subsequent to the entry of the defendant's plea, however, the Supreme Court decided in *Bailey v. United States*, 516 U.S. 137, 144, 116 S.Ct. 501, 506, 133 L.Ed.2d 472, that section 924(c)(1) required the Government to show "active employment of the firearm" and not just mere possession in order to prove "use." Like the Defendant in the instant case, the defendant in *Bousley* did not contest the validity of his plea on appeal, but afterward sought to take advantage of the later Supreme Court ruling narrowing the definition of "use" by raising this claim in a section 2255 motion.

The Supreme Court's reasoning in *Bousley* is directly applicable to the instant case. In *Bousley*, the Court reiterated the maxim that where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised on a *habeas* motion only if the defendant can first demonstrate either "cause" and actual "prejudice," *Bousley*, 523 U.S. at 622, 118 S.Ct. at 1611 (citing *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643–44, 91 L.Ed.2d 397 (1986), and *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977)), or that he is "actually innocent." *Id.* (*citing Murray*, 477 U.S. at 496, 106 S.Ct. at 2649–50, and *Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 2667–68, 91 L.Ed.2d 434 (1986)).

The Defendant in this case argues that he has shown cause for procedurally defaulting his claim.[4] According to Defen-

---

fall within *Teague's* second exception because it "places certain kinds of private individual conduct beyond the power of the criminal law-making authority to proscribe." *Teague*, 489 U.S. at 311, 109 S.Ct. at 1075.

4. Defendant also argues that his claim is one that is jurisdictional and that, therefore, his failure to challenge the constitutionality of the statute in the district court prior to his plea or on direct appeal does not bar him from raising this challenge for the first time in his § 2255 motion. Defendant's *Habeas* Memo-

dant, because the ruling in *Ashcroft* that invalidated portions of the definition of "child pornography" under 18 U.S.C. § 2256(8) was not handed down until some nine months after his sentencing, the basis upon which his argument rests was not known to him at that time and, as such, he has cause for failing to raise the argument on appeal. However, the *Bousley* Court made clear what constitutes cause under the cause and prejudice standard for *habeas* motions, and Defendant does not meet this standard.

The *Bousley* Court dismissed as an excuse for default the defendant's argument that "the legal basis for his claim was not reasonably available to counsel at the time his plea was entered." *Id.* Although the Court acknowledged that a claim that "is so novel that its legal basis is not reasonably available to counsel" may constitute cause for procedural default, *id.* (*quoting Reed v. Ross,* 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984)), it found that the defendant's claim in that case did not qualify as such. Id. The Court pointed out that at the time of the defendant's plea, "the Federal Reporters were replete with cases involving challenges to the notion that 'use' is synonymous with mere 'possession.' " Id. As such, the defendant's claim *was* in fact reasonably available to him at the time of his plea.

Likewise, the argument that the statute under which Defendant was charged and convicted violates the First Amendment to the Constitution was certainly available to Defendant at the time of his guilty plea. That precise claim was argued in this very court and later on appeal in this circuit. *See United States v. Hilton,* 999 F.Supp. 131 (D.Me.1998), 167 F.3d 61 (1st Cir. 1999). In Hilton, the defendant argued that section 2252A(a)(5)(B),[5] in conjunction with the definition of "child pornography" contained in section 2256(8)(B), was vague and overbroad by including visual depictions which "appear to be[ ] of a minor" in its definition. 999 F.Supp. at 135–36. The defendant in *Hilton* pursued the same argument on appeal. *See Hilton,* 167 F.3d at 65. Defendant pled guilty in 2001, and the *Hilton* case was argued before this Court in 1998 and the Court of Appeals for the First Circuit in 1999; this issue had clearly been raised before Defendant entered his plea. Therefore, the unavailability argument is of no help to Defendant in establishing cause for his default.

The *Bousley* Court further declared that the apparent futility of an argument was also not sufficient to constitute cause for default of a claim. "Futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley,* 523 U.S. at 623, 118 S.Ct. at 1611 (*quoting Engle v. Isaac,* 456 U.S. 107, 130, n. 35, 102 S.Ct. 1558, 1573, n. 35, 71 L.Ed.2d 783 (1982)). The First Circuit has recognized

randum at 5. However "a jurisdictional defect is one that calls into doubt a court's power to entertain a matter, not one that merely calls into doubt the sufficiency or quantum of proof relating to guilt." *United States v. Valdez–Santana,* 279 F.3d 143, 146 (1st Cir.2002) (*quoting United States v. Cordero,* 42 F.3d 697, 699 (1st Cir.1994)). As noted earlier, only certain provisions of the relevant statute were struck down in *Ashcroft;* Defendant can thus still be prosecuted under this statute, with the Court retaining full jurisdiction to review any convictions thereunder.

**5.** Section 2252A(a)(5)(B) proscribes the *possession* of child pornography, while section 2252A(a)(2)(A), the provision to which Defendant pled guilty, covers the *receipt* of child pornography. However, both provisions cite to section 2256(8) for the definition of child pornography and, therefore, are not treated differently for purposes of determining the definition's constitutionality.

that "*Bousley* made it clear that if an issue has been decided adversely to an argument in the relevant jurisdiction, and the argument is not made for that reason, that is insufficient reason to constitute cause for a procedural default." *Simpson v. Matesanz,* 175 F.3d 200, 211 (1st Cir.1999). While the Court recognizes that this logic seems to defy the goal of judicial expediency by encouraging litigants "to raise over and over issues seemingly already settled in the circuit," *Brache v. United States,* 165 F.3d 99, 103 (1st Cir.1999), it also recognizes that it is the rule in force, as mandated by the Supreme Court, and, therefore, must be followed. *See also McCoy v. United States,* 266 F.3d 1245, 1259 (11th Cir.2001) ("Unless and until the Supreme Court overrules its decisions that futility cannot be cause, laments about those decisions forcing defense counsel to file 'kitchen sink' briefs in order to avoid procedural bars ... are beside the point") (*citing United States v. Smith,* 250 F.3d 1073, 1077 (7th Cir.2001) (Woods, J., dissenting)).

The First Circuit in *Hilton* in no uncertain terms rejected the argument that 18 U.S.C. § 2256(8)(B)'s inclusion of any "visual depiction ... [that] appears to be[ ] of a minor" in the definition of child pornography resulted in a statutory provision that was overbroad and in violation of the First Amendment. *Hilton,* 167 F.3d at 73. ("We think it is a logical and permissible extension of the rationales in [*New York v.*] *Ferber* [458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982) ] and *Osborne* [*v. Ohio,* 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990) ] to allow the regulation of sexual materials that appear to be of children but did not, in fact, involve the use of live children in their production").

Nevertheless, according to the Supreme Court in *Bousley,* this is not sufficient reason to excuse Defendant from raising this claim on direct review. Although a claim that "is so novel that its legal basis is not reasonably available to counsel" is cause for procedural default, *Reed,* 468 U.S. at 16, 104 S.Ct. at 2910, *Bousley* holds that "an argument is not unavailable simply because · it has been rejected by a higher court in a different case." *Simpson,* 175 F.3d at 212. Therefore, Defendant in this case cannot show cause for his procedural default.[6]

The last possible avenue to raising a defaulted claim in a section 2255 motion is when the petitioner "can establish that the constitutional error in his plea colloquy 'has probably resulted in the conviction of one who is actually innocent.'" *Bousley,* 523 U.S. at 623, 118 S.Ct. at 1611 (*quoting Murray v. Carrier,* 477 U.S. at 496, 106 S.Ct. at 2649). To establish actual innocence, an individual must show that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed.2d 808 (1995). The actual innocence exception was created by the Court to prevent a "fundamental miscarriage of justice," and was created with the understanding that the "exception would remain 'rare' and would only be applied in the 'extraordinary case.'" · *Id.* at 321, 115 S.Ct. at 864. Moreover, actual innocence requires a showing of "factual innocence, not mere legal insufficiency." *Bousley,* 523 U.S. at 623, 118 S.Ct. at 1611.

Defendant in this case has not argued that he is actually innocent. He has simply argued that his sentence should be vacated "because the statute under which

---

6. Because Defendant cannot show cause for his procedural default, it is unnecessary to examine the prejudice prong of this standard.

he was charged and convicted is unconstitutional due to overbreadth ...." Defendant's *Habeas* Memorandum at 2. He argues that the Government has not met its burden of proof because it did not prove that the images that Defendant possessed were of real children. Defendant's *Habeas* Reply at 2–3. Defendant does not argue, however, that these images were not, in fact, of real children, and that he is, therefore, actually innocent under the current version of the statute; he argues only that the Government did not prove they were real children.[7] As elucidated in *Bousley*, "actual innocence" means factual innocence, not mere legal insufficiency. 523 U.S. at 623, 118 S.Ct. at 1611. Defendant has not met this standard and, hence, cannot be excused for the procedural default of his claim.[8]

## CONCLUSION

For the foregoing reasons, the Court determines that the Defendant in this case has procedurally defaulted his claim of an uninformed guilty plea, and his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 is hereby **DENIED**.

So **ORDERED**.

---

7. In *United States v. Beeler*, 2001 WL 832357, at *7 (D.Me. July 20, 2001), the Magistrate Judge interpreted a § 2255 motion as asserting an actual innocence claim even though the petition did "not use[ ] the magic words 'actual innocence;' " the court ruled that because the movant was *pro se*, his argument that the Government could not prove facts that would sustain certain elements of his conviction was sufficient to show that he was making an actual innocence claim. The Court notes that in this case, Defendant and his counsel have not asserted any actual innocence claim in any pleadings subsequent to the original *pro se* § 2255 motion. Most significantly, this argument was not made by counsel in Defendant's *Habeas* Reply. Therefore, the record does not show the Defendant to be making an actual innocence claim.

8. It is worth noting that the Court has seen the actual pictures at issue in this case and, based on its review of these photos, can safely conclude that Defendant would not be entitled to application of the actual innocence exception even if he were, in fact, making that claim.