**UNITED STATES of America**

v.

**David J. OAKES, Defendant**

**No. CRIM 00–76–PC.**

United States District Court,
D. Maine.

Jan. 20, 2006.

David J Oakes, Auburn, Pro Se, Peter E. Rodway, Rodway & Horodyski, William Maselli, Law Office of William Maselli, Portland, ME, for David J Oakes, Defendant.

F. Mark Terison, Office of the U.S. Attorney, District of Maine, George T. Dilworth, Office of the U.S. Attorney, District of Maine, Portland, ME, for USA, Plaintiff.

## ORDER DENYING § 2255 MOTION TO VACATE, CORRECT OR SET ASIDE

CARTER, Senior District J.

David J. Oakes pled guilty to one count of knowingly receiving child pornography and was sentenced to a 54–month term of incarceration *See* 18 U.S.C. § 2252A(a)(2)(A). Oakes appealed solely on sentence-related grounds. During the pendency of that appeal, the Supreme Court decided *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002). That decision held, *inter alia*, that two of the four definitions of "child pornography" in the Child Pornography Prevention Act of 1996 ("CPPA") were unconstitutionally overbroad under the First Amendment insofar as they prohibited virtual pornographic images (*i.e.*, images that were created without using actual children). *See id.* at 251–56, 122 S.Ct. 1389. The CPPA encompassed the statute of conviction in Oakes's case and, on April 22, 2002, one week after the decision in *Free Speech Coalition*, Oakes filed in the district court a *pro se* petition to vacate his conviction and sentence pursuant to the federal habeas statute, 28 U.S.C. § 2255. Oakes's supporting memorandum asserted that his conviction and sentence should be vacated because his guilty plea had been neither knowing nor voluntary. Specifically, he based this assertion on a claim that he did not understand, at the time he pleaded guilty, that the government would have to prove that the images in his possession depicted actual children.

On October 4, 2002, Oakes's direct appeal was rejected. *See United States v. Oakes*, 47 Fed.Appx. 5, 6 (1st Cir.2002) (per curiam). This Court then took up Oakes's habeas petition, raised *sua sponte* the question of procedural default, and denied relief on that basis. *See United States v. Oakes*, 224 F.Supp.2d 296 (D.Me. 2002). The Court of Appeals then granted Oakes a certificate of appealability, but limited its review to "[w]hether the district court [had] erred in denying petitioner's 28 U.S.C. § 2255 motion on the ground of procedural default." The Court of Appeals vacated the habeas judgment concluding that although the district court has the authority to raise the question of procedural default *sua sponte*, this Court failed to afford Oakes notice of its intention to rely upon his procedural default and an opportunity to respond to that issue. *Oakes v. United States*, 400 F.3d 92 (1st Cir.2005). The procedural default issue has now been briefed by the parties.

## I. DISCUSSION

■ Given that the voluntariness of his plea was not challenged on direct appeal, Oakes has procedurally defaulted the claim. This procedural default can be excused, however, if Oakes makes a showing of cause and prejudice or actual innocence. *Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Oakes claims to satisfy both tests.

### A. Cause

Oakes asserts that the cause for his procedural default was ineffective assistance of appellate counsel and that he suffered prejudice because he would not have pled guilty if he had known that part of the statute upon which his conviction rests was unconstitutional. At least one court

has found that ineffective assistance of appellate counsel may constitute cause and prejudice to overcome a procedural default. *See Boysiewick v. Schriro*, 179 F.3d 616 (8th Cir.1999). In order to prevail on a claim of ineffective assistance of counsel, Oakes must establish first that his "counsel's representation fell below an objective standard of reasonableness" in that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would use under like circumstances and, second, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Smiley v. Maloney*, 422 F.3d 17, 20 (1st Cir.2005) (quoting *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); *see also Mello v. DiPaulo*, 295 F.3d 137, 142 (1st Cir.2002). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

### 1. Ineffective Assistance of Appellate Counsel

Review of counsel's performance is highly deferential, *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052, and it is Oakes's burden to overcome the strong presumption that his appellate counsel's actions constituted objectively reasonable strategy under the circumstances. In this case, Oakes's appellate counsel failed to raise the issue of the voluntariness of the plea despite Oakes's specific requests that he do so and even after *Free Speech Coalition* ruled that part of the statute upon which Oakes's conviction was based was unconstitutional. After being asked by Oakes to raise the voluntariness issue in light of the recent decision in *Free Speech Coalition*, Oakes's appellate counsel informed him that in his opinion, based on his understanding of appellate law, "it was procedurally improper for him to raise the *Ashcroft* [*v. Free Speech Coalition* ] case in his direct appeal." Exhibit 1 attached to Memorandum

in Support of Petitioner's Claim that he is not in Procedural Default (Docket Item No. 88). It is unnecessary, however, to decide whether appellate counsel's representation fell below an objective standard of reasonableness because Oakes has failed to establish prejudice under the second prong of *Strickland. See Strickland*, 466 U.S. at 697, 104 S.Ct. 2052 ("a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies").

### 2. Prejudice

To show that he was prejudiced by deficient performance of counsel, Oakes must establish that counsel's conduct rendered the result of the proceeding unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Oakes argues that he was prejudiced because his appellate counsel failed to raise the issue of the voluntariness of his plea in light of *Free Speech Coalition*. Specifically, he contends that if appellate counsel had raised the argument, his plea would have been found to be involuntary because he would not have pled guilty if he had known that the government would be required to prove that the children depicted in the images were actual children.

To determine whether there is a reasonable probability that the result of the proceeding would have been different, this Court must consider what the Court of Appeals would have done had Oakes raised the issue of the voluntariness of his plea in his direct appeal. *See Duhamel v. Collins*, 955 F.2d 962, 967 (5th Cir.1992). Had appellate counsel done so, with the benefit of the *Free Speech Coalition* case having been decided before oral argument in Oakes's case, the Court of Appeals would have then considered the issue of whether his plea was voluntary and knowing when made. If they had considered the issue,

the record supports the conclusion that the Court of Appeals would have found that Oakes's plea was voluntarily and intelligently made.

■ "A guilty plea is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.' " *Bousley,* 523 U.S. at 618, 118 S.Ct. 1604 (quoting *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)); *see also Parke v. Raley,* 506 U.S. 20, 28, 113 S.Ct. 517, 523, 121 L.Ed.2d 391 (1992). A plea does not qualify as voluntary and intelligent unless the defendant: (1) was informed of the nature of the charges against him and all direct consequences of his plea; and (2) understood the constitutional rights that he was waiving by entering a guilty plea. *See Brady,* 397 U.S. at 754–55, 90 S.Ct. at 1472. The standard is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970). Voluntariness is determined by examining all the relevant circumstances surrounding it. *Brady,* 397 U.S. at 748, 90 S.Ct. 1463 ("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.").

Oakes's voluntariness argument is specifically directed at the claim that he would not have pled guilty if he had known that the government would be required to prove that the children depicted in the images were actual children. In *Brady* the Supreme Court discussed the negotiated plea process stating:

> Often the decision to plead guilty is heavily influenced by the defendant's appraisal of the prosecution's case against him and by the apparent likelihood of securing leniency should a guilty plea be offered and accepted. Considerations like these frequently present imponderable questions for which there are no certain answers; judgments may be made that in the light of later events seem improvident, although they were perfectly sensible at the time. The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case . . . .

*Brady,* 397 U.S. at 756–757, 90 S.Ct. 1463. Although Oakes may have believed that the government could have proven the charge against him—knowingly receiving child pornography under 18 U.S.C. § 2252A(a)(2)(A)—by establishing that the images from his computer satisfied any one of the four definitions of "child pornography" and subsequently the *Free Speech Coalition* case struck down two of those definitional sections, this does not require that Oakes's conviction be set aside as involuntarily made. Under the voluntary and intelligent standard, a plea of guilty is not invalid simply because the strength of the government's case may appear weaker than Oakes thought at the time of the guilty plea. The Constitution does not require that "a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant thought." *Id.* at 757, 90 S.Ct. 1463; *Cf. Parker v. North Carolina,* 397 U.S. 790, 796–98, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970) (rejecting a challenge to a guilty plea based on defendant's misjudgment about the admissibility of his confession to a burglary went

only to the strength of the factual evidence that the government could produce).

This is not a case where the defendant pled guilty to conduct which was not a federal crime. *See Waucaush v. United States,* 380 F.3d 251 (6th Cir.2004)(plea was unintelligent where defendant mistakenly believed that the conduct that he admitted to satisfied each element of the charged offense when in fact conduct was not a crime); *In re Hanserd,* 123 F.3d 922 (6th Cir.1997)(plea found involuntary where the factual conduct to which defendant admitted did not constitute a crime). In *Waucaush* and *Hanserd* although the facts to which the defendants admitted had not changed, the legal significance of those facts had changed. Here, Oakes pled guilty to conduct that was, and still is, a crime. That is, although *Free Speech Coalition* narrowed the scope of the conduct that was illegal under the CPPA, the conduct to which Oakes admitted engaging continued to be a crime under both of the remaining constitutional definitions of "child pornography."[1] In this case the only change is Oakes's understanding of the strength of the government's case against him.

At the Rule 11 hearing, Oakes admitted that his computer contained "thousands of sexually explicit images, including images of adults engaged in sexual acts with children under the age of eighteen, children displaying their genitals, and children engaged in sex acts with other children."

*See* Prosecution Version at 2 (Docket Item No. 16); Transcript of Rule 11 Proceedings at 14–19 (Docket Item No. 59). No additional proof is necessary to establish guilt because Oakes pled, in the first instance, to the fact that the images were of children and not that the images simply "appeared to be" children. The fact that two of the theories upon which the government could have proved its case were later found unconstitutional does not denigrate the truth or reliability of Oakes's plea since he admitted to the possession of images that contained actual children. Therefore, had the voluntariness issue been raised on direct appeal, the Court of Appeals would have concluded that Oakes's plea was voluntary and intelligent. Since Oakes has not shown a reasonable probability that the result of the proceeding would be different and, thus, that he has suffered prejudice as a result of the alleged ineffective assistance of his appellate counsel, Oakes is not entitled to have his procedural default excused for cause.

**B. Actual Innocence**

The other possible avenue to raising a defaulted claim in a section 2255 motion is when the petitioner "can establish that the constitutional error in his plea colloquy 'has probably resulted in the conviction of one who is actually innocent.'" *Bousley,* 523 U.S. at 623, 118 S.Ct. 1604 (quoting *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986)). To establish actual innocence, an

1. At the time when this case was on direct appeal, the constitutional definitions of "child pornography" were:

"child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—

the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; [or]
such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.
18 U.S.C. § 2256(8)(A) and (C). In 2003, the CPPA was amended to address the Supreme Court's decision in *Free Speech Coalition* and now provides three definitions of "child pornography."

individual must show that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed.2d 808 (1995). The actual innocence exception was created to prevent a "fundamental miscarriage of justice," and was created with the understanding that the "exception would remain 'rare' and would only be applied in the 'extraordinary case.'" *Id.* at 321, 115 S.Ct. 851. On the record in this case, Oakes has failed to meet his burden and, hence, the procedural default of his claim cannot be excused on that basis.

█ Oakes does not argue that the images contained on his computer were not, in fact, of real children, and that he is, therefore, actually innocent under the current version of the statute. Rather, he asserts that after *Free Speech Coalition* the Government must establish that the images were of real children and, in this case, the Government has not made that showing. In making this argument, however, Oakes overlooks his own admissions in the record. Oakes admitted at the Rule 11 hearing that his computer contained "thousands of sexually explicit images, including images of adults engaged in sexual acts with children under the age of eighteen, children displaying their genitals, and children engaged in sex acts with other children." *See* Prosecution Version at 2; Transcript of Rule 11 Proceedings at 14–19. Notably, when asked during the Rule 11 proceeding whether he believed that anything contained in the prosecution version was inaccurate or untrue, Oakes took care to clarify two particular factual points to which he did not agree. Neither of those points affected the sufficiency of the factual predicate for the charged offense and, more importantly, neither point related to whether the images on his computer were of actual children. Consequently, it is unnecessary for the Government to make any additional evidentiary presentation. Even if the Court determined that an additional evidentiary showing by the Government was necessary, the record in this case clearly establishes that the Government would be able to make that showing. *See* Sealed Exhibits 2A–2G attached to Affidavit of AUSA George T. Dilworth (Docket Item No. 46). For these reasons, the Court finds that Oakes is not entitled to have his procedural default excused based on his actual innocence.

Accordingly, the Court **ORDERS** that Oakes's Motion under 28 U.S.C § 2255 to Vacate, Set Aside, Or Correct Sentence be, and it is hereby, **DENIED**.