# United States Court of Appeals
## For the First Circuit

No. 04-2091

JOHN OGOBODO EZE,

Petitioner,

v.

ALBERTO R. GONZÁLES,
ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, Chief Judge,
Torruella and Lynch, Circuit Judges.

Stephen A. Lagana and Lagana & Associates, on brief for petitioner.

John D. Williams, Trial Attorney, Office of Immigration Litigation, Civil Division, Peter D. Keisler, Assistant Attorney General, and Douglas E. Ginsburg, Senior Litigation Counsel, on brief for respondent.

February 23, 2007

**TORRUELLA, Circuit Judge.** At issue here is whether the Board of Immigration Appeals ("BIA") erred in determining that petitioner, John Ogobodo Eze ("Eze"), was properly served notice of the Department of Homeland Security's ("DHS") (formerly the Immigration and Naturalization Service) termination of his temporary resident status. The regulation governing notice of termination of an alien's temporary resident status is codified at 8 C.F.R. § 245a.2(u)(2)(i). The regulation provides in relevant part:

> [T]ermination of an alien's temporary resident status . . . will be made . . . only on notice sent to the alien by certified mail directed to his or her last known address, and to his or her representative, if any. The alien must be given an opportunity to offer evidence in opposition to the grounds alleged for termination of his or her status. Evidence in opposition must be submitted within thirty (30) days after the service of the Notice of Intent to Terminate.

Id.

The BIA determined that Eze received proper service of the DHS's notice through personal delivery of the notice, rather than notice by certified mail, as described in the regulations. On appeal, Eze challenges this determination, arguing that only service by certified mail -- and not by personal delivery -- complies with the governing regulation, and that the government's failure to comply with the governing regulation in this case violated his due process rights. Because the BIA's determination

-2-

that Eze received proper notice was based on its interpretation of immigration regulations, the issue is a legal one but our review is subject to principles of deference, <u>Elien</u> v. <u>Ashcroft</u>, 364 F.3d 392, 396 (1st Cir. 2004) (citing <u>INS</u> v. <u>Aguirre-Aguirre</u>, 526 U.S. 415, 424-25 (1999)); of course, we review <u>de novo</u> any determination of the contours of the due process clause, <u>see</u> <u>Albathani</u> v. <u>INS</u>, 318 F.3d 365, 372 (1st Cir. 2003).

Under 8 C.F.R. § 103.5a(a)(2), the general regulations concerning immigration, personal service includes both "[d]elivery of a copy personally" and "[m]ailing a copy by certified or registered mail." Neither form of service is considered superior. <u>Id.</u> Indeed, there is little practical difference in the two forms of service. Certainly, personal delivery is at least as likely as delivery by certified mail to ensure that notice is received.

Moreover, there is no evidence on record that Eze was prejudiced by personal delivery of the notice of termination of his temporary resident status. The record indicates that the well established principle of "notice and opportunity to be heard" was fulfilled. <u>See</u> <u>Cleveland Bd. of Educ.</u> v. <u>Loudermill</u>, 470 U.S. 532, 542 (1985) (stating that notice and an opportunity to be heard together comprise an "essential principle of due process"); <u>Oakes</u> v. <u>United States</u>, 400 F.3d 92, 98 (1st Cir. 2005) (same). In fact, Eze admits that he received and signed the notice of termination of his temporary resident status. Furthermore, the notice

specifically orders the termination of his status, and provides Eze's appeal rights and the requisite appeal form. This not only confirms that Eze received the notice, but that he also had the opportunity to be heard on appeal. Clearly, the personal delivery of the notice adequately notified Eze.

**<u>Affirmed</u>**.