**Ruben SALAS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civil Action No. 06–40074–NMG.**

United States District Court,
D. Massachusetts.

May 2, 2008.

---

Ruben Salas, Ayer, MA, pro se.

David H. Hennessy, U.S. Attorney's Office, Worcester, MA, for Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

Petitioner for habeas corpus seeks to have his conviction and sentence set aside on the grounds that he was incompetent to enter a guilty plea and that his attorneys rendered ineffective assistance of counsel. The government, in opposition, alleges procedural default as well as deficiencies on the merits of the petition.

### I. *Background*

The petitioner, Ruben Salas ("Salas") was charged in March, 2000, in a three-count indictment for possession and distribution of crack cocaine. On February 22, 2001, Salas was deemed incompetent to stand trial due to his mental health problems and the various medications which he took to control them. Although he was able to understand the charges against him, he was found to be unable to participate and assist in his own defense. Salas was committed to the custody of the Federal Bureau of Prisons ("BOP") for treatment pursuant to 18 U.S.C. § 4241 and, on November 8, 2001, the Court was notified by BOP officials that Salas had been restored to competency. On December 5, 2002, Salas pled guilty to all three counts of the indictment and on April 7, 2004, he was sentenced to the statutory minimum term of 120 months of incarceration.

Salas appealed his conviction and sentence on April 9, 2004, on the ground that his guilty plea was not "knowingly" entered into because the Court did not inform him of the elements of the crimes with which he was charged or that the government would bear the burden of proving each element beyond a reasonable doubt. The First Circuit Court of Appeals allowed the government's motion for summary disposition in a one-paragraph opinion holding that the plea colloquy was in compliance with Fed. R. Crim P. 11 and

that subsequent changes in sentencing law did not render his plea "unknowing". The appeal also raised *Blakely* issues of sentencing enhancements based on facts determined by the judge rather than the jury, *see Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). That argument was unavailing because 1) defendant's sentence was not enhanced, indeed he received the statutory mandatory minimum sentence and 2) defendant failed to raise such arguments at his sentencing rendering them subject to procedural default.

The present petition, styled as a "motion to vacate, correct or set aside sentence pursuant to 28 U.S.C. § 2255" (Docket No. 1) challenges Salas's conviction on two grounds. First, he contends that he was incompetent to plead guilty and that the entry of his plea violated his due process rights and, second, he alleges that his counsel at his plea and sentencing hearings was ineffective. Some confusion arises because, although the government's principal attack on this petition is one of procedural default, it has not filed a motion to dismiss this petition on those grounds. It has, instead, "opposed" the petitioner's "motion" in a manner more in keeping with a traditional response to the merits. The result is that the petitioner has had no opportunity to respond to the government's assertion of procedural default.

## II. *Analysis*

### A. Section 2255 and Procedural Default

Section 2255 of Title 28 of the U.S.Code provides that

> A prisoner ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which

imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Salas alleges that he was deprived of his liberty without due process of law, in violation of the Fifth Amendment, and of his right to assistance of counsel in his criminal defense, in violation of the Sixth Amendment. Although § 2255 refers to "mov[ing] the court which imposed the sentence" it is the statutory basis for a petition for a writ of habeas corpus, *see Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), and Salas's "motion" will be treated as such.

As noted above, the government's contention that Salas's claims are procedurally barred was raised in a manner that did not give him an opportunity to respond. Thus, although it is correct that he has not claimed actual innocence nor identified "cause for" and "prejudice from" his failure to raise those arguments on direct appeal, *Oakes v. United States*, 400 F.3d 92, 95 (1st Cir.2005), that is because he has not responded in any way to the government's "opposition". Had the government followed the usual procedure and filed a Motion to Dismiss, the petitioner would have been notified of the need to respond and, presumably, would have done so.

Procedural default is an affirmative defense that the government may waive if it fails to raise it. *Id.* at 96 (affirming that a trial court may, but need not, raise procedural default *sua sponte*). Here, the government has not failed entirely to raise the procedural argument, as it did in *Oakes*, but it has instead raised it in a manner that did not provide the petitioner an opportunity to respond. This Court will, therefore, decline to rule on the grounds of procedural default and move directly to the merits of Salas's complaint, the only issue to have been addressed by both parties.

### B.  Due Process

Salas's first contention is that this Court's acceptance of his guilty plea constitutes a violation of his due process rights because he was not competent at the time of the change of plea hearing. The standard for competence to plead guilty is the same as that applicable to competence to stand trial. *Godinez v. Moran*, 509 U.S. 389, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993). The defendant must simply have "the capacity to understand the proceedings and to assist counsel." *Id.* at 402, 113 S.Ct. 2680.

In this case, the record makes clear that the Court was acutely aware of the issue of the petitioner's competence. When he first appeared before this Court, in September, 2000, he was declared incompetent to stand trial and committed to the custody of the BOP for treatment. In November, 2001, the petitioner's treating physician notified the Court that he had been restored to competency, a determination that the petitioner never contested before filing this petition. Although each of Salas's three appointed attorneys acknowledged that he was a "difficult" client, none questioned his competency from that point forward.

At the change of plea hearing on December 5, 2002, this Court engaged in an extensive colloquy with the defendant during which it became eminently clear that he understood the consequences of his plea and that, in spite of his medications, he was lucid and aware of the proceedings in which he took part. The petitioner received and reviewed the Pre–Sentence Report ("PSR") prepared by the Probation Department and, on the basis of that review, pressed his attorney to seek a downward departure from the sentence dictated by the United States Sentencing Guidelines, which were then mandatory. That fact demonstrates that although Salas may not have understood all of the legal technicalities governing his case (he received the statutory minimum sentence which was nonetheless within the Guidelines range) he was capable of assisting counsel in his own defense. Salas was, therefore, competent to enter a guilty plea when he did so.

### C.  Ineffective Assistance of Counsel

In order to prevail on a claim of ineffective assistance of counsel a petitioner must prove two elements: first, that performance of counsel fell below an "objective standard of reasonableness" and, second, that the deficiency of counsel's performance prejudiced the petitioner, resulting in an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Petitioner's claim of ineffective assistance is apparently based upon his attorneys' alleged failure 1) to contest the Court's finding that he was competent to enter a plea and 2) to dispute certain findings in the PSR. The issue of competence has been discussed above and any challenge raised by counsel at the time of Salas's plea or sentencing would have been unavailing. Furthermore, the evidence of the petitioner's guilt was overwhelming (he sold the drugs attributed to him to a confidential informant who reported the sale to the government) and he received the statutory minimum sentence for the offenses with which he was charged. No detailed analysis of the objective reasonableness of counsel's performance is necessary because there is no conceivable prejudice to the petitioner under such circumstances. The petition will be dismissed.

### ORDER

Because the government's contention of procedural bar has not been fully briefed, the Court declines to rule on it. The

claims in this petition are, nevertheless, without merit and, therefore, petitioner's motion to vacate (Docket No. 1) is **DENIED** and his petition for habeas corpus is **DISMISSED**.

**So ordered.**