**Brenda ACOSTA–ANDUJAR,
Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Civil No. 13–01045(ADC).
Crim. No. 10–00323(ADC).**

United States District Court,
D. Puerto Rico.

Signed Feb. 25, 2015.

Brenda Acosta–Andujar, Coleman, FL, pro se.

Nelson J. Perez–Sosa, U.S. Attorney's Office, San Juan, PR, for Respondent.

### OPINION AND ORDER

AIDA M. DELGADO–COLÓN, Chief Judge.

Before the Court is petitioner Brenda Acosta–Andujar's ("petitioner") *pro se* motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255

("§ 2255 motion") (ECF No. 1), U.S. Magistrate Judge Justo Arenas' Report and Recommendation ("R & R") that the § 2255 motion be denied (ECF No. 11), and petitioner's objections to the R & R (ECF No. 12).

In the § 2255 motion, petitioner appeared to raise the following claims: (1) she should have been charged with "simple possession," instead of possession with intent to distribute cocaine; (2) her guilty plea was involuntary because her attorney "advised her which was untruthfully to ensure a smooth Rule 11 hearing," she was not informed of the true nature of her offense, she answered questions untruthfully, and her attorney induced her to plead guilty; (3) the district court erred in determining the amount of drugs attributable to her; (4) the pre-sentence investigation report ("PSI") contained many inaccuracies; (5) her counsel rendered ineffective assistance in failing to (a) object to the amount of drugs attributable to her, (b) object to "other inaccuracies" in the PSI, (c) ensure that she was sentenced under the Fair Sentencing Act of 2010 ("the FSA"), (d) argue an issue involving her intent to distribute, and (e) request an evidentiary hearing to compel the government to establish that she was a cocaine distributor; and (f) the cumulative effect of her counsel's representation resulted in a fundamentally unfair criminal proceeding. *Id.* at 3–9. Petitioner also requested the appointment of counsel and an evidentiary hearing. *Id.* at 10–12.

Respondent, the United States of America, filed a response in opposition to the § 2255 motion, requesting that the same be denied because petitioner's arguments were procedurally defaulted, or, alterna-

tively, meritless. ECF No. 7. Petitioner filed a reply to the government's response (ECF No. 8), in which petitioner repeated the background and procedural history from the government's response, and then reiterated her arguments from the § 2255 motion. This Court referred the § 2255 motion to Magistrate Judge Arenas for a Report and Recommendation. ECF No. 9.

On February 18, 2014, Magistrate Judge Arenas issued the R & R, recommending denial of the § 2255 motion without an evidentiary hearing and denial of a certificate of appealability ("COA"). ECF No. 11. First, Magistrate Judge Arenas found petitioner's statements during the plea colloquy refuted any argument that her guilty plea was involuntary, and petitioner has failed to explain how her attorney coerced her into pleading guilty. *Id.* at 13–19. Second, the Magistrate Judge found that petitioner was correctly charged with attempt to possess with intent to distribute. *Id.* at 19–20. Alternatively, Magistrate Judge Arenas found that petitioner's claims had been procedurally defaulted because she failed to challenge her guilty plea on direct appeal or show cause and prejudice to excuse the default. *Id.* at 20–22. Magistrate Judge Arenas then informed petitioner of her right to file objections to the R & R within 14 days of her receipt of it, and warned that her objections must specifically identify those portions of the R & R to which objection was made and that failure to comply would preclude further review. *Id.* at 25.

On March 18, 2014, petitioner submitted objections to the R & R through her prison's mailing facility. ECF Nos. 12, 12–1.[1] Petitioner's objections are seven pages in

---

**1.** Although petitioner's objections were filed on March 18, 2014—27 days after manual notification of the R & R was sent to petitioner—it is not discernible when petitioner actually received a copy of the R & R through the prison mailing system. Therefore, out of an abundance of caution, the Court will consider the arguably untimely objections as timely filed.

length. All but one paragraph of these pages is a rote copying of the R & R from the first line of the R & R up to the beginning of the "Analysis" section therein. *Compare* ECF No. 12 at 1–7, *with* ECF No. 11 at 1–9. In the final paragraph of petitioner's objections, she requests that this Court "review the original Motion set forth," appoint habeas counsel to "convey her objections in person," and grant the § 2255 motion. ECF No. 12 at 7.

## I. Review of a Magistrate Judge's Report and Recommendation

A district court may refer pending motions to a magistrate judge for entry of a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); D.P.R.Civ.R. 72(a). The court is free to accept, reject, or modify, in whole or in part, the findings or recommendations by the magistrate judge. 28 U.S.C. § 636(b)(1). A party is entitled to a *de novo* review of "those portions of the report ... to which specific objection is made." *Sylva v. Culebra Dive Shop,* 389 F.Supp.2d 189, 191–92 (D.P.R.2005). Absent a proper objection, though, the court need only satisfy itself that there is no plain error in the magistrate judge's findings in order to adopt the same. *López Mulero v. Vélez Colón,* 490 F.Supp.2d 214, 217–218 (D.P.R.2007); *see also* Fed. R.Civ.P. 72, Adv. Comm. Notes, subdivision (b) (1983). Thus, "a party's failure to assert a specific objection to a report and recommendation irretrievably waives any right to review by the district court and the court of appeals." *Santiago v. Canon U.S.A., Inc.,* 138 F.3d 1, 4 (1st Cir.1998).

## II. Legal Standard

■ A federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner requesting post-conviction relief must show that his sentence "reveal[s] fundamental defects which, if uncorrected, will result in a complete miscarriage of justice." *David v. United States,* 134 F.3d 470, 474 (1st Cir. 1998) (quotations, citation, and alterations omitted). The burden to establish such a defect falls on petitioner. *Id.*

■ Federal courts may grant a hearing to entertain the claims raised in a collateral attack. 28 U.S.C. § 2255(b). However, a hearing is unnecessary when the motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case. *United States v. McGill,* 11 F.3d 223, 225–26 (1st Cir.1993) (quotation and citation omitted). "In other words, a ' § 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.' " *Id.* at 226 (quoting *Shraiar v. United States,* 736 F.2d 817, 818 (1st Cir.1984) (internal quotation marks omitted)).

■ Appointment of counsel in a § 2255 proceeding is warranted only in rare circumstances. Specifically, petitioner must show that: (1) she has presented a colorable claim; (2) her claim is factually complex and legally intricate; (3) the facts are largely undeveloped; and (4) she is severely hampered in her ability to investigate the facts. *See United States v. Mala,* 7 F.3d 1058, 1063–64 (1st Cir.1993).

## III. Discussion[2]

### A. Petitioner's Objections to the R & R

In concluding the R & R, Magistrate Judge Arenas forewarned petitioner that failure to specifically identify those portions of the R & R to which objection was made would preclude further review. ECF No. 11 at 25; *see also Santiago,* 138 F.3d at 4. Despite the Magistrate Judge's warning, petitioner's objections do not raise *any* specific objections to the R & R. Rather, the vast majority of the objections are merely a rote, word-for-word recitation of the background and legal standard sections of the R & R itself. *Compare* ECF No. 12 at 1–7, *with* ECF No. 11 at 1–9. Copying the language of the R & R is obviously not a specific objection to anything therein, and, would appear to be more akin to an adoption of those portions of the R & R.

■ This leaves the final paragraph of petitioner's objections. With respect to review of the R & R, petitioner requests only that this Court "review the original Motion set forth." ECF No. 12 at 7. As the Magistrate Judge stated, petitioner is proceeding *pro se,* thus, her pleadings are to be liberally construed. *Voravongsa v. Wall,* 349 F.3d 1, 8 (1st Cir.2003); *see also* ECF No. 11 at 8–9. Liberally construing the above statement, petitioner appears to seek review of her § 2255 motion, and with an element of further liberal construction, it can be presumed that petitioner seeks review of the Magistrate Judge's recommendation to deny that motion. The problem for petitioner, however, even liberally construing the above statement, no specific objections to the Magistrate Judge's recommendations can be gleaned from the statement.

■ ■ With that in mind, the First Circuit Court of Appeals has held that "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir.1997). Here, in failing to make specific objections to the R & R, petitioner has failed to comply with the procedure for making proper objections to a report and recommendation. *See Santiago,* 138 F.3d at 4. The purpose of requiring specific objections to a report and recommendation is to relieve district courts of unnecessary work. *See Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980) ("The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work."). Without specific objections to the R & R, petitioner effectively asks this Court to perform the analysis of her § 2255 motion that the Magistrate Judge has already undertaken. This, however, is not the process envisaged by the Federal Magistrates Act. *See* 28 U.S.C. § 636(b)(1); *Santiago,* 138 F.3d at 4; *Park Motor,* 616 F.2d at 605. As a result, the Court will review the R & R for plain error only. *See López Mulero,* 490 F.Supp.2d at 217–218.

### B. Review of the R & R

■ As the Magistrate Judge noted, respondent raised the issue of procedural default in its response. *See* ECF No. 11 at 20; ECF No. 7 at 3. Specifically, respondent argued that petitioner did not challenge her guilty plea on direct appeal, and thus, her attempt to do so in the § 2255 motion was procedurally barred. ECF No. 7 at 3. Magistrate Judge Arenas found that petitioner had procedurally defaulted her challenge to her guilty plea,

---

**2.** Petitioner did not object to the Magistrate Judge's summary of the factual and procedural background of her criminal case. *See gen-* *erally* **ECF** No. 12. Therefore, the Court **ADOPTS** the same in full, and **INCORPORATES IT BY REFERENCE** herein.

and failed to show cause and prejudice for the default. ECF No. 11 at 20–22.

A prisoner may attack her guilty plea only if such an attack was made on direct appeal. *Oakes v. United States,* 400 F.3d 92, 95 (1st Cir.2005). Here, petitioner did not file a direct appeal. ECF No. 11 at 4. Thus, she did not attack her guilty plea on direct appeal, and her attempt to do so on collateral review is procedurally barred. *Oakes,* 400 F.3d at 95. This, however, is not a total bar on petitioner's guilty-plea challenge if she can show cause for the default and actual prejudice from it, or actual innocence of her crimes of conviction. *Id.* Magistrate Judge Arenas found that petitioner had failed to show cause and prejudice because she did not address the matter of procedural default "except in the most ethereal terms." ECF No. 11 at 21. The Court can discern no error, plain or otherwise, in the Magistrate Judge's finding. Although petitioner raised various claims of ineffective assistance of counsel, which may provide cause for a procedural default in the proper context, *Edwards v. Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 1591, 146 L.Ed.2d 518 (2000), all of these claims related to her underlying criminal proceeding. In other words, none of petitioner's ineffective-assistance claims relate to why she failed to challenge her guilty plea on direct appeal of her convictions. Moreover, review of her pleadings does not reflect any other potential grounds raised as cause for the procedural default.

This then leaves actual innocence.[3] In the reply (ECF No. 8), petitioner argued that she was actually innocent of one of her offenses of conviction—attempt to possess with intent to distribute between 400 and 500 grams of a mixture or substance containing a detectable amount of cocaine—because she did not have the specific intent to distribute, and thus, the facts to which she admitted in pleading guilty did not meet the elements of the offense. *Id.* at 3. However, as the Magistrate Judge noted, in both her plea agreement and at the change of plea hearing, petitioner agreed that she (1) provided armed protection on behalf of a person who she thought was a drug trafficker for a drug transaction that involved seven kilograms of what she thought was cocaine, (2) patted down the drug buyer to make sure he was not armed, (3) remained on location while the buyer inspected the sham cocaine in petitioner's presence, (4) was armed with a firearm during the drug transaction, and (5) was paid $2,000 for her protective services after the buyer had left. Case No. 3:10–cr–00323 (ADC), ECF No. 60 at 11–12; ECF No. 102 at 17:9–18:15.

These facts establish petitioner's awareness of the status of the drug transaction and her role in it; namely, that she was assisting a person who she thought was a drug trafficker in illegally distributing and safeguarding an amount of drugs that she thought was cocaine. These facts sufficiently establish petitioner's guilty intent. *See United States v. Villafane–Jiménez,* 410 F.3d 74, 81 (1st Cir.2005) ("The lynchpin for the resolution of the Defendants' intent is the determination of fact as to what Ortiz told them (and what they understood) about the legal status of the operation: either that it was an exercise in legitimate law enforcement ... or that it was to be assistance to a corrupt FBI agent in illegally transporting, escorting, and safeguarding a shipment of contraband drugs for a garden-variety civilian drug trafficker.... A choice among these two alternatives resolves the issue of

---

3. The Magistrate Judge did not address actual innocence in the context of petitioner's procedural default. *See* ECF No. 11 at 20–22.

Therefore, the Court will address this issue *de novo.*

whether there is sufficient evidence to establish the Defendants' guilty intent."). As such, the facts to which petitioner pled guilty establish her guilt of the charged drug offense, and thus, refute her claim of actual innocence.

The result of this is that petitioner has failed to establish both cause and prejudice and actual innocence. Thus, she has not overcome the procedural bar erected by her failure to raise her challenge to her guilty plea on direct appeal, *Oakes,* 400 F.3d at 95, and that claim is now procedurally defaulted. In any event, even if petitioner could challenge her guilty plea, the Court has reviewed the Magistrate Judge's findings with respect to the voluntariness of petitioner's plea, and agrees that petitioner has failed to identify how her attorney induced her to plead guilty or which questions during the plea colloquy that she answered untruthfully. *See* ECF No. 11 at 15, 23. This is especially so in light of her testimony during the change of plea hearing where she swore to tell the truth, and stated that no one had threatened or forced her to plea guilty, she was pleading guilty voluntarily, and she was fully satisfied with her attorney's legal advice and representation. *See* **Case No. 3:10–cr–00323 (ADC), ECF No. 102** at 2:13–25, 5:17–20, 12:8–16; *see also Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977) (explaining that statements made during a plea hearing "carry a strong presumption of verity.").

In addition, the transcript of the change of plea hearing and plea agreement conclusively refute any contention that she was not aware of the charged offenses. *See* Case No. 3:10–cr–00323 (ADC), ECF No. 60 at 1–2, 11–12; ECF No. 102 at 17:9–18:19, 20:3–6. As a result, because petitioner is procedurally barred from challenging her guilty plea, or, alternatively, her challenges to the plea are unsupported

and conclusively refuted by the record, she may not raise any claims with respect to alleged pre-plea error. *See Ramdass v. Angelone,* 530 U.S. 156, 167, 120 S.Ct. 2113, 2120, 147 L.Ed.2d 125 (2000) ("The general rule is that a plea of guilty, voluntarily and understandingly made, constitutes a waiver of nonjurisdictional defects and defenses, including claims of violation of constitutional rights prior to the plea") (quotation omitted). Accordingly, Claims 1, 2, 5(d), 5(e), and 6 are **DENIED.**

The remaining claims, specifically, Claims 3, 4, and 5(a)-(c), challenge various issues related to petitioner's sentence and/or counsel's representation with respect thereto. As with her challenge to her guilty plea, petitioner did not raise the challenges to her sentence, Claims 3 and 4, on direct appeal. Moreover, petitioner makes no attempt to explain how cause and prejudice or actual innocence exist to excuse the procedural default of these claims. Therefore, Claims 3 and 4 are procedurally barred. *See Knight v. United States,* 37 F.3d 769, 774 (1st Cir.1994) ("Normally, failure to raise a constitutional issue on direct appeal will bar raising the issue on collateral attack unless the defendant can show cause for the failure and actual prejudice.").

In any event, as the Magistrate Judge noted, in Claim 4, petitioner fails to identify the alleged inaccuracies in the PSI, thus, even if liberally construed, this claim is unsupported. *See* ECF No. 11 at 23. As to Claim 3, petitioner alleges that the Court erred in determining the amount of drugs attributable to her. However, the record reflects that petitioner was held accountable for at least 400 grams but less than 500 grams of cocaine, *see* Case No. 3:10–cr–00323 (ADC), ECF No. 101 at 7:3–13, which is precisely the amount that her guilty plea supported, *see id.,* ECF No. 60 at 17, ECF No. 102 at 17:9–18:15. As a

result, Claims 3 and 4 are procedurally barred, or, alternatively, meritless, and thus, those claims are **DENIED.**

In addition, Claims 5(a) and 5(b) are merely a regurgitation of Claims 3 and 4, but in the guise of ineffective assistance of counsel. Therefore, those claims are equally meritless, and **DENIED.** The only remaining claim, Claim 5(c), is that petitioner's counsel rendered ineffective assistance in failing to ensure that petitioner was sentenced pursuant to the FSA. However, as the Magistrate Judge noted, the FSA applies to persons convicted of offenses involving crack cocaine, also known as cocaine base. *See* ECF No. 11 at 6 n. 3; Fair Sentencing Act of 2010, Pub.L. No. 111–220, 124 Stat. 2372 (2010), *cross-referencing* 21 U.S.C. § 841(b)(1)(A)(iii). Petitioner, however, was charged and convicted of attempting to possess with intent to distribute a controlled substance, to wit, a mixture or substance containing a detectable amount of cocaine, also known as powder cocaine, under 21 U.S.C. § 841(b)(1)(A)(ii)(II), *see* **Case No. 3:10–cr–00323 (ADC), ECF No. 2,** which was not effected by the FSA, *see generally* Fair Sentencing Act of 2010, Pub.L. No. 111–220, 124 Stat. 2372 (2010). As a result, petitioner's counsel did not render ineffective assistance in failing to raise this meritless claim, and thus, Claim 5(c) is **DENIED.**

### C. Evidentiary Hearing and Appointment of Counsel

Petitioner has requested an evidentiary hearing and appointment of habeas counsel at various points in this proceeding. **ECF No. 1 at 12, ECF No. 8 at 12, ECF No. 12 at 7.** As explained above, however, petitioner's habeas claims are procedurally barred, or, alternatively, meritless and/or conclusively refuted by the record. Therefore, she is not entitled to an evidentiary hearing. *See McGill,* 11 F.3d at 225–26. For the same reason, this is not one of the "rare" cases where a petitioner is entitled to appointment of habeas counsel because petitioner's claims are not colorable or factually complex, the relevant facts are developed and on the record, and there is no indication that she has been severely hampered in her ability to investigate the facts. *See Mala,* 7 F.3d at 1063–64. Therefore, petitioner's request for appointment of habeas counsel is **DENIED.**

### IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a "district court must issue or deny a [COA] when it enters a final order adverse to the applicant." To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Where the district court has denied a habeas petition on procedural grounds, the applicant must show that jurists of reason would find debatable (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. If the applicant fails to satisfy either prong of this two-part test, the court should deny a COA. *Id.*

In this case, petitioner is not entitled to a COA because her claims are procedurally barred, or, alternatively, meritless and/or conclusively refuted by the record. In addition, she has failed to properly object to the R & R. Therefore, a COA is **DENIED.**

### V. Conclusion

To the extent set forth herein, after reviewing the R & R, and finding no error,

plain or otherwise, therein, the Court **ADOPTS** the same **IN FULL, INCORPORATES IT BY REFERENCE** herein, and **DENIES** each of petitioner's habeas claims. Accordingly, the § 2255 motion **(ECF No. 1)** is **DISMISSED WITH PREJUDICE.** Petitioner is **DENIED** a COA. The Clerk is instructed to enter judgment accordingly.

**SO ORDERED.**